UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASA NATHANIEL WARDEN, | No. 2:19-cv-00431-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| B. COWAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, is proceeding in this action pro se and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of confinement. This proceeding was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). On March 27, 2019, the court dismissed plaintiff's initial complaint with leave to amend. ECF No. 10. Plaintiff timely filed a First Amended Complaint ("FAC") which is now before the court for re-screening. ECF No. 13.

I.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     The First Amended Complaint

In the FAC, plaintiff names as defendants four members of the Redding Police Department ("RPD"): police officers B. Cowan, N. Weaver,[1] and W. Williams ("the officers"); and Chief of Police Roger Moore. ECF No. 13 at 1-2. Plaintiff alleges that on July 23, 2018, one of the officers—he states that he is unsure which one—shot him once while he had his arms in the air and was screaming that he was not armed; he fell to the ground, and all three officers "acting in cohort" proceeded "in unison" to shoot him 17 times. Id. at 3, 5. Records from the California Department of Corrections and Rehabilitation ("CDCR"), which plaintiff attaches to the FAC, indicate that the shooting occurred in connection with plaintiff's arrest. Id. at 10. According to comments in the CDCR records, which were based on RPD police reports, officers responded after plaintiff punched an individual, burglarized a residence, and started challenging people to fight. Id. "When officer's [sic] arrived [plaintiff] was uncooperative and showed behaviors indicative that he had a gun and was going to shoot officers which lead to Officers shooting [him] multiple times. It was discovered [plaintiff] did not have a gun. [Plaintiff] was subsequently transported to a medical facility for treatment." Id.

Plaintiff alleges that he was shot because he is black. Id. at 6. He states that he was unarmed and posed no immediate threat; and that, due to the number of recent shootings of other black people by white police officers, he was trying to make it clear that he was unarmed. Id. at 3, 6. He alleges that as a result of the shooting, he is now "permanently disabled" and has to use a wheelchair and a walker to get around; he also suffers daily pain from multiple bullets that remain in his body.[2] Id. at 3-4.

---

[1] The docket inaccurately reflects "W. Weaver" as a defendant.
[2] Additional CDCR records attached to the FAC confirm that plaintiff has mobility impairments and has reported pain from multiple bullets remaining in his left wrist and right upper thigh. ECF No. 13 at 12-17.

3

Plaintiff asserts several causes of action under 42 U.S.C. § 1983. He claims the officers violated his rights under the First, Eighth, and Fourteenth Amendments by using excessive force, stating that the circumstances of him being unarmed and posing no threat did not warrant being shot 17 times. Id. at 3, 5, 6. Further, he claims that Chief Moore—as head of the RPD and the officers' superior—failed to properly train the officers to avoid these constitutional violations. Id. at 4. Plaintiff also cites without explanation 42 U.S.C. § 12101, a provision of the Americans with Disabilities Act ("ADA"), in several portions of the FAC. Id. at 1, 6, 7. Plaintiff seeks $120 million in damages from "each defendant in their individual capacity." Id. at 7.

III. Claim for Which a Response Will Be Required

   A. Excessive Force under the Fourth Amendment

Although the FAC never references the Fourth Amendment, the undersigned will liberally construe the pleadings as intending to assert a claim of excessive force under the Fourth Amendment rather than under the other constitutional provisions plaintiff cites. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction."). The First Amendment, governing individuals' rights to freedom of speech and religion, has no apparent application in this case. The Eighth Amendment ban on cruel and unusual punishments applies only after conviction and sentence. Graham v. Connor, 490 U.S. 386, 393 & n.6 (1989). As plaintiff emphasizes throughout the FAC, the shooting occurred prior to his arrest and eventual incarceration; therefore, the claim may not rest on the Eighth Amendment.

"Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham, 490 U.S. at 394 (quoting Const. amend. IV). Although the Due Process Clause of the Fourteenth Amendment may apply to claims relating to physically abusive government conduct that are not otherwise "covered by" a specific constitutional provision, see County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998), here plaintiff's claims fall squarely within the protection of the Fourth Amendment because they

4

arise in the context of plaintiff's seizure, i.e., his arrest. Thus, they must be analyzed under that provision alone.

The Fourth Amendment analysis requires balancing the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the use of force was objectively reasonable under the circumstances. Graham, 490 U.S. at 396. "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them[.]" Id. at 397 (citations omitted); see Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 797 (9th Cir. 2018) ("We determine whether the Fourth Amendment has been violated by assessing the objective reasonableness of the force used, balancing the degree of intrusion against the government's interest.").

The undersigned finds that, for purposes of screening, the FAC has sufficiently stated a Fourth Amendment excessive force claim against the officers involved in plaintiff's shooting. Plaintiff has alleged an intrusion of the ultimate severity. See Tennessee v. Garner, 471 U.S. 1, 9 (1985) ("The intrusiveness of a seizure by means of deadly force is unmatched."). And while a need for that force may yet be demonstrated by defendants, the FAC sufficiently alleges that the officers had no need to fire at him, since he had his arms up, told them that he was unarmed, and was not posing a threat to anyone, especially after he fell to the ground following the initial shot. See Zion v. Cty. of Orange, 874 F.3d 1072, 1076 (9th Cir. 2017) (stating that if a jury determined that plaintiff "no longer posed an immediate threat, any deadly force [the officer] used after that time violated long-settled Fourth Amendment law," and citing "cases holding that the use of deadly force against a non-threatening suspect is unreasonable"), cert. denied sub nom. Higgins v. Zion, 138 S. Ct. 1548 (2018).

The description of the incident contained in the CDCR records paints a somewhat different picture than that alleged in plaintiff's FAC. However, at this juncture, the court need not "slosh [its] way through the factbound morass of reasonableness." Mattos v. Agarano, 661 F.3d 433, 441 (9th Cir. 2011) (en banc) (internal quotation marks omitted). Plaintiff has alleged sufficient facts to state a cognizable claim under the Fourth Amendment against the officers.

Accordingly, the action should be permitted to proceed on this claim.

IV. Failure to State a Claim

    A. Supervisory Liability

The sufficiency of plaintiff's claim against Chief Moore for failure to train the officers is a different matter. Plaintiff does not allege that Moore personally participated in the shooting, and implicates Moore only in his capacity as the officers' superior.

A supervisor is not vicariously liable under section 1983 for the actions of his subordinates. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (no *respondeat superior* liability under § 1983). The Ninth Circuit has provided the following standard for supervisory liability:

> A supervisory official is liable under § 1983 so long as "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Keates v. Koile, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ). "The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207–08 (internal quotation marks and citations omitted) (alterations in original). Thus, a supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates, 883 F.3d at 1243 (quoting Starr, 652 F.3d at 1208).

Rodriguez, 891 F.3d at 798.

Although the FAC does not formally state the capacity in which each defendant is being sued, the undersigned understands from plaintiff's request for damages from each defendant "in their individual capacity," ECF No. 13 at 7, that he is suing Moore in his individual capacity. Thus, Moore may be held liable only for his own "action or inaction in the training, supervision, or control of his subordinates." Rodriguez, 891 F.3d at 798. However, to sufficiently allege such liability, plaintiff must plead facts showing some "causal connection" between Moore's conduct and the constitutional violation.

////

In the FAC, plaintiff merely alleges that Moore is the head of the RPD and the officers' superior; and that "[i]n his failure to train [the officers] the [constitutional] violation occurred." ECF No. 13 at 4. This conclusory allegation is insufficient to state a claim for supervisory liability. The FAC contains no facts plausibly alleging that Moore knew or reasonably should have known that the officers' actions or inactions would result in the constitutional injury of which plaintiff complains, i.e., the shooting. Nor does it allege how Moore set in motion the actions which led to the shooting, beyond stating that he is the head of the RPD. Thus, the FAC does not state a cognizable claim against Moore.

B. First Amendment Claim

To the extent the FAC asserts a violation of the First Amendment, such claim must be dismissed for failure to allege any facts related to governmental restriction of plaintiff's speech or religious exercise.

C. Eighth & Fourteenth Amendment Claims

For the reasons discussed above, plaintiff's claims of excessive force under the Eighth and Fourteenth Amendments must be dismissed.

D. ADA Claim

To the extent the FAC asserts a violation of the ADA, such claim must be dismissed because plaintiff has failed to allege any facts demonstrating that he was denied benefits or was discriminated against because of a disability. See Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 357, (2013) (stating that the ADA provides "a general prohibition on discrimination because of an individual's disability") (internal alterations and quotation marks omitted).

E. Leave to Amend

The court finds that the FAC does not state a cognizable claim against defendant Moore for failure to train. However, plaintiff may be able to allege facts to remedy this, and he will be given the opportunity to amend the complaint again, if he desires.

Plaintiff may proceed forthwith to serve defendants Cowan, Weaver, and Williams on his Fourth Amendment excessive force claim, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint again, he will be given thirty days to file a second amended complaint. If plaintiff elects to proceed on his excessive force claim against defendants Cowan, Weaver, and Williams without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against defendant Moore for failure to train.

If plaintiff chooses to file a second amended complaint including a claim against Moore, such complaint must demonstrate how Moore's conduct was connected to the alleged constitutional violation. There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). Any second amended complaint should also specify, alongside the name of each defendant, the capacity in which the person is being sued.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the previously filed complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

F. Plain Language Summary of this Order for a Pro Se Litigant

Your first amended complaint is being dismissed in part. The court concludes that you have stated a cognizable Fourth Amendment claim of excessive force against defendants Cowan, Weaver, and Williams. Your other claims have been found insufficient. Your failure to train

8

claim against Moore is being dismissed with leave to amend, however. If you are claiming that Moore's failure to train the officers led to your injury, you need to provide more information about Moore's awareness of the need for further officer training, or other circumstances showing how Moore's actions led to your shooting.

You have a choice to make. You may either (1) proceed immediately on your excessive force claims against defendants Cowan, Weaver, and Williams and voluntarily dismiss the other claims, or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims other than your excessive force claims against the officers.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint or the FAC. **Any claims not in the second amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file a second amended complaint or wait for service to be completed).

V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claim against defendant Moore and his claims for violations of the ADA and the First, Eighth, and Fourteenth Amendments do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his Fourth Amendment excessive force claim against defendants Cowan, Weaver, and Williams as set forth in Section III above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened first amended complaint or whether he wants to file a second amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the first amended complaint as screened and will recommend dismissal

9

without prejudice of all claims except for the excessive force claims against defendants Cowan, Weaver, and Williams.

DATED: May 30, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASA NATHANIEL WARDEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. COWAN, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-00431-MCE-AC<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Fourth Amendment excessive force claims against defendants Cowan, Weaver, and Williams without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all of his other claims asserted in the first amended complaint.

\_\_\_\_\_ Plaintiff wants to file a second amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　Masa Nathaniel Warden
　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1