UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASA NATHANIEL WARDEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. COWAN, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-00431-MCE-AC<br><br><br>ORDER |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 29. Plaintiff is incarcerated and is bringing his civil case as a self-represented litigant proceeding in forma pauperis. ECF No. 10. He requests that the court appoint counsel, asserting he is physically disabled and in constant pain, which makes litigating difficult and is an extraordinary circumstance. ECF No. 29 at 1-2. Plaintiff argues his disability prevents him from being able to file motions and write documents in a timely fashion. Id. at 3.

In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

1

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex. <u>See</u> ECF No. 13. Plaintiff's physical limitations do not constitute exceptional circumstances; there is no indication that he is incompetent, and plaintiff's actions in this case so far indicate he is capable of pursuing his claims. Further, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Appointment of counsel therefore is not appropriate.

Plaintiff's motion to appoint counsel (ECF No. 29) is DENIED.

IT IS SO ORDERED.

DATED: October 4, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE