UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MASA NATHANIAL WARDEN,

Plaintiff,

v.

B. COWAN, et al.,

Defendants.

No. 2:19-cv-00431-MCE-AC

ORDER

The court is in receipt of plaintiff's second motion to appoint counsel. ECF No. 36. Plaintiff is incarcerated, and is bringing his civil case as a self-represented litigant proceeding in forma pauperis. ECF No. 10.

Plaintiff requests that the court appoint counsel, asserting his case is complex, and he needs extra time to answer discovery. ECF No. 36. Plaintiff indicates that defendants have served him with interrogatories, but does not indicate when his responses are due. Id.

In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The undersigned already found once that there are no exceptional circumstances in this case, and that appointment of counsel is not warranted.  ECF No. 30.  Plaitniff presents no additional information that alters the court's decision.  Nor does plaintiff give the court enough information regarding his deadlines for discovery responses to allow the court to extend any of his response deadlines.

Plaintiff's motion to appoint counsel (ECF No. 36) is DENIED.

IT IS SO ORDERED.

DATED: February 4, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE