UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASA NATHANIEL WARDEN, | No. 2:19-cv-00431-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| BRYAN COWAN, et al, | |
| Defendants. | |

This matter is before the Court on Plaintiff Masa Nathaniel Warden's ("Plaintiff") Motion for Leave to File an Amended Complaint, to Amend the Scheduling Order, and to Reopen Discovery. (ECF No. 83.) Defendants Bryan Cowan, Will Williams, and Nick Weaver (collectively, "Defendants") filed an opposition. (ECF No. 84.) Plaintiff filed a reply. (ECF No. 86.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's motion.

///

///

///

///

///

///

1

1      **I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

2      This case arises out of an incident in Redding, California on July 23, 2018, in which

3 Defendants fired shots at Plaintiff during his arrest.  (ECF No. 13 at 3.)  Plaintiff filed a *pro se*

4 prisoner complaint on February 19, 2019.  (ECF No. 1.)  Plaintiff filed the operative First

5 Amended Complaint ("FAC") on April 15, 2019.  (ECF No. 13.)  On May 30, 2019, the

6 magistrate judge issued a screening order allowing Plaintiff to proceed with excessive force

7 claims against Defendants.  (ECF No. 15.)  Plaintiff subsequently filed several motions for

8 appointment of counsel, all of which the magistrate judge denied.  (ECF Nos. 30, 37, 47.)

9      On January 8, 2020, the magistrate judge issued a scheduling order which required the

10 parties to complete discovery by May 8, 2020 and set a July 24, 2020 deadline for filing pretrial

11 motions.  (ECF No. 35.)  On July 24, 2020, Defendants filed a motion for summary judgment.

12 (ECF No. 43.)  The magistrate judge issued findings and recommendations on September 18,

13 2020, recommending that Defendants' motion for summary judgment be granted as to Williams

14 but denied as to Cowan and Weaver.  (ECF No. 52.)  On November 18, 2020, the magistrate

15 judge appointed counsel for Plaintiff.  (ECF No. 55.)  The Court adopted the findings and

16 recommendations in full on November 23, 2020.  (ECF No. 56.)

17      On December 9, 2020, Defendants filed an interlocutory appeal.  (ECF No. 63.)  On June

18 6, 2022, the Ninth Circuit affirmed the Court's order.  (ECF No. 78.)  On July 22, 2022, Plaintiff

19 — now represented by counsel — filed the instant motion for leave to add defendants, claims,

20 and allegations to his FAC.  (ECF No. 83.)  Plaintiff also seeks leave to amend the scheduling

21 order and to reopen discovery.  (*Id.*)

22      **II.**     **STANDARD OF LAW**

23      Granting or denying leave to amend a complaint rests in the sound discretion of the trial

24 court.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the Court issues a

25 scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil

26 Procedure ("Rule") 16 governs any amendments to the complaint.  *Coleman v. Quaker Oats Co.*,

27 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16, a plaintiff must

28 show good cause for not having amended the complaint before the time specified in the

1    scheduling order.  *Id.*  The good cause standard primarily considers the diligence of the party

2    seeking the amendment.  *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

3         Even if the good cause standard is met under Rule 16, the Court has the discretion to

4    refuse amendment if it finds reasons to deny leave to amend under Rule 15(a).  *Johnson*, 975 F.2d

5    at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's

6    written consent or the court's leave," and the "court should freely give leave when justice so

7    requires."  The Ninth Circuit has considered five factors in determining whether leave to amend

8    should be given: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of

9    amendment; and (5) whether plaintiff has previously amended his complaint."  *In re W. States*

10   *Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted).

11        **III.    ANALYSIS**

12             A.    Rule 16

13        Because the scheduling order's deadline for filing pretrial motions has passed, Plaintiff

14   must first satisfy Rule 16.  (ECF No. 35 at 5.)

15        Defendants argue Plaintiff failed to diligently prosecute his case and conduct thorough

16   discovery.  (ECF No. 84 at 16.)  Defendants argue Plaintiff did not request the information and

17   materials he claims to have requested, nor did Plaintiff depose any Defendants.  (*Id.*)  Defendants

18   further argue Plaintiff failed to submit any public records act requests, failed to subpoena any

19   records from third parties, and failed to depose any third parties.  (*Id.*)  Defendants argue that to

20   the extent Plaintiff obtained "new" evidence from public records act requests, such evidence was

21   always available to him.  (*Id.*)  Defendant also emphasizes nearly two years has passed since the

22   magistrate judge appointed counsel and Plaintiff's counsel could have brought this motion at any

23   point during that time.  (*Id.*)

24        Despite Defendants' arguments, the Court concludes Plaintiff made a sufficient showing

25   of diligence.  Not only was Plaintiff originally proceeding *pro se*, but his discovery deadline was

26   May 2020 — during the early months of the COVID-19 pandemic.  Defendants do not dispute

27   that COVID-19 restrictions in prison impeded Plaintiff's ability to represent himself.  (*See* ECF

28   Nos. 46, 50 (Plaintiff indicating he was unable to access the law library at his facility due to

                                                        3

1    COVID-19 restrictions)).  Moreover, Plaintiff was not appointed counsel until November 2020,

2    long after discovery closed.  (ECF No. 55.)  As for Defendants' argument that Plaintiff could

3    have filed the instant motion any time after counsel was appointed two years ago, Defendants

4    ignore that this case was effectively stayed after Defendants filed an interlocutory appeal in

5    December 2020.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (filing of a

6    notice of appeal generally "divests the district court of its control over those aspects of the case

7    involved in the appeal").  In fact, Defendants themselves moved to stay the action pending the

8    outcome of the appeal.  (ECF No. 69.)  Plaintiff filed this motion shortly after the Ninth Circuit

9    issued its mandate, and less than two weeks after the Ninth Circuit denied Defendants' motion to

10   stay the mandate pending their petition for certiorari.  (Ninth Circuit Docket No. 20-17405, ECF

11   No. 44.)  For all these reasons, the Court concludes that Plaintiff was diligent in filing this motion

12   based on the unique circumstances of this case.

13          Accordingly, Plaintiff has satisfied Rule 16's good cause standard.

14                 B.      Rule 15

15          The Court now turns to whether Plaintiff's motion is proper under Rule 15.  Defendants

16   argue the Court should deny Plaintiff's motion based on: (1) undue delay; (2) bad faith; (3)

17   futility; and (4) prejudice.  (ECF No. 84.)  The Court will address each factor in turn.

18                        i.      *Undue Delay*

19          "Relevant to evaluating the delay issue is whether the moving party knew or should have

20   known the facts and theories raised by the amendment in the original pleading."  *Jackson v. Bank*

21   *of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).  Even if Plaintiff's delay was unreasonable,

22   "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend."  *Bowles v.*

23   *Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  However, as already discussed in the context of Rule

24   16, Plaintiffs' delay was reasonable under the circumstances.

25          Therefore, this factor weighs in favor of granting leave to amend.

26                        ii.     *Bad Faith*

27          "Bad faith means acting with intent to deceive, harass, mislead or disrupt."  *Richard A.*

28   *Leines v. Homeland Vinyl Products, Inc.*, No. 2:18-cv-00969-KJM-DB, 2020 WL 6044037, at *4

                                              4

1     (E.D. Cal. Oct. 13, 2020) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

2     There is bad faith when the moving party seeks leave to amend as a means "to prolong litigation

3     by adding new but baseless legal theories." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880

4     (9th Cir. 1999).

5            Defendants argue Plaintiff is attempting to excuse his failure to diligently conduct

6     discovery by falsely accusing Defendants of concealing evidence.  (ECF No. 84 at 18–21.)

7     Defendants also argue Plaintiff's proposed amendments contain several false and misleading

8     allegations.  (*Id.*)  While the parties dispute whether Defendants concealed evidence and whether

9     Plaintiff's new claims are viable, these issues can be resolved in future proceedings.  As it is,

10    Defendants fail to persuade the Court that Plaintiff brought the instant motion in bad faith,

11    especially considering Plaintiff was *pro se* during the entire discovery process.

12           As such, this factor weighs in favor of granting leave to amend.

13                            iii.      Futility

14           When an amendment is futile, "there [is] no need to prolong litigation by permitting

15    further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  A

16    proposed amendment is futile where "the pleading could not possibly be cured by the allegation

17    of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (citation omitted).

18    However, denial of motions to amend on futility grounds is "rare." *Netbula, LLC v. Distinct

19    Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  "Ordinarily, courts will defer consideration of

20    challenges to the merits of a proposed amended pleading until after leave to amend is granted and

21    the amended pleading is filed." *Id.* (citation omitted).

22           Defendants argue Plaintiff's claims are futile because he has not pleaded sufficient facts in

23    the proposed Second Amended Complaint ("SAC") to support the new claims.  (*Id.* at 21–23.)

24    Although Defendants correctly note that Plaintiff pleads several claims that were already

25    dismissed in the magistrate judge's screening order — and it is unclear whether those claims

26    would survive a motion to dismiss — the Court cannot say that "the pleading could not possibly

27    be cured by the allegation of other facts." *Watison*, 668 F.3d at 1117.  However, there is one

28    exception: Plaintiff's renewed excessive force claim against Williams.  The Court previously

1    granted partial summary judgment in favor of Williams on this claim.  (ECF No. 56.)  An "order

2    granting partial summary judgment is interlocutory and not final."  *Carlino v. CHG Medical*

3    *Staffing, Inc.*, No. 1:17-cv-01323-DAD-BAK, 2022 WL 5249439, at *5 (E.D. Cal. Oct. 6, 2022).

4    "Rule 54(b) . . . provides the proper vehicle for requesting reconsideration" of prior interlocutory

5    orders.  *Doutherd v. Montesdeoca*, No. 2-17-cv-02225-KJM-JDP, 2021 WL 1784917, at *2 (E.D.

6    Cal. May 5, 2021); *see also* E.D. Cal. L.R. 230(j).  Plaintiff has not filed a motion for

7    reconsideration and instead raises arguments as to the propriety of this claim for the first time in

8    his reply.  Absent a properly noticed motion for reconsideration and further arguments as to how

9    new evidence would alter the Court's determination, the Court DENIES Plaintiff's request to

10   revive this claim.

11          Accordingly, for all the claims except for the excessive force claim against Williams, the

12   Court finds this factor weighs in favor of granting leave to amend.

13                              *iv.       Prejudice*

14          Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant

15   leave to amend.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "A

16   need to reopen discovery and therefore delay the proceedings supports a district court's finding of

17   prejudice from a delayed motion to amend the complaint."  *Lockheed Martin Corp. v. Network*

18   *Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  "However, the Ninth Circuit has affirmed the grant

19   of leave to supplement even where it required reopening discovery because most of the

20   information on the added claim would be available in [defendant's] own files and little additional

21   discovery would be needed."  *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 215 (N.D.

22   Cal. 2015) (citing *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986))

23   (internal quotation marks omitted).

24          Defendants argue that because Plaintiff's proposed SAC raises seven new causes of

25   action, three new defendants, and brings back one defendant who has already been dismissed

26   from the case, Defendants will require additional written discovery, depositions, and experts.

27   (ECF No. 84 at 23–24.)  Defendants argue this is prejudicial because they will have "very

28   minimal time" to conduct discovery before trial.  (*Id.* at 24.)

1    The Court concludes any prejudice to Defendants will be minimal.  Despite Defendants'

2  contention that a trial date is looming, there is no trial date set in this case.  Although reopening of

3  discovery will invariably cause some prejudice to Defendants in terms of time and expense,

4  Defendants fail to convince the Court that such prejudice outweighs all the other factors that

5  support granting leave to amend.

6    In sum, the Court finds the relevant factors weigh in favor of granting leave to amend.

7  These same factors also weigh in favor of reopening discovery.  *City of Pomona v. SQM N. Am.*

8  *Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).  Although there are factual disputes about whether

9  reopening discovery will lead to new evidence, the Court believes those disputes should be

10  resolved during the discovery process.[1]  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828,

11  833 (9th Cir. 2011) (District courts have "broad discretion to manage discovery and to control the

12  course of litigation under [Rule] 16.").

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23

24  [1]    Defendants also argue Plaintiff failed to comply with Local Rule 233 in moving to modify
the scheduling order.  (ECF No. 84 at 13.)  Local Rule 233 states a party "may" bring
25  administrative matters to the Court's attention through a motion for administrative relief.  E.D.
Cal. L.R. 233.  As an example of a matter that can be brought as such a motion, the Local Rule
26  lists a request "to alter a discovery schedule that does not affect dispositive motion filing dates,
trial dates, or the final pre-trial conference."  *Id.*  Defendants fail to persuade the Court that Local
27  Rule 233 applies in the instant case, and the Court concludes Plaintiff properly brought his
28  motion pursuant to Rule 16.

7

1        **IV.    CONCLUSION**

2            For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's

3    motion.  (ECF No. 83.)  Plaintiff's motion is DENIED with respect to his request to revive his

4    excessive force claim against Williams.  The motion is GRANTED in all other respects.

5    Moreover, as Plaintiff filed this action while in custody, the matter is REFERRED to the

6    magistrate judge pursuant to Local Rule 302(c)(17).[2]  The parties should also notify the Court as

7    to whether they are willing to consent to proceed before the magistrate judge for all future

8    proceedings in this case.

9            IT IS SO ORDERED.

10   **DATE: March 10, 2023**

11

12

13                                    Troy L. Nunley
                                      United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26   _____

     [2]        On December 1, 2020, the Court stated that due to the appointment of counsel, the case
27   was reassigned to the district court judge.  (ECF No. 59.)  The Court believes this reassignment
     was in error, as Local Rule 302(c)(17) does not indicate that a prisoner action should be
28   reassigned to a district judge if counsel is appointed.