UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASA NATHANIEL WARDEN, | No. 2:19-cv-00431 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B. COWAN; W. WILLIAMS; and N. WEAVER, | |
| Defendants. | |

Plaintiff moves for reconsideration (ECF No. 181) of the court's prior grant of summary judgment in favor of defendant Corporal Will Willaims (ECF No. 56), in light of King v. Villegas, 156 F.4th 979 (9th Cir. 2025). The parties appeared before the undersigned for oral argument on December 10, 2025. ECF No. 191. Having thoroughly considered the parties' arguments and the relevant caselaw, the undersigned recommends that the motion for reconsideration be GRANTED, that ECF Nos. 52 and 56 be vacated, and that plaintiff be permitted to file a Fourth Amended Complaint re-asserting claims against Williams.

## I.    Factual Background

This case involves an incident that took place in Redding, California on July 23, 2018. Plaintiff Masa Warden injected himself with drugs and had crystal methamphetamine in his system on that date. Deposition of Masa Nathanael Warden ("Warden Depo.") (ECF No. 43-7) at

1

27:5-26, 28:1-6.  Early in the morning, plaintiff jumped into the pool at Shasta High School and swam fully clothed, leaving the pool area in his wet clothes with a pair of blue goggles on his forehead, and a white towel around his waist.  Warden Depo. 57:19-25, 59:1-19, 65:1-10, 68:16-24.  When plaintiff was leaving the school, he was confronted by John Decker, with whom a fight ensued, resulting in plaintiff punching Mr. Decker multiple times and threatening to kill him.  Warden Depo. 60:2-25, 61:15-23, 62:1-8, 65:20-25, 66:6-11.  Decker called 9-1-1 and reported the attack, advising the dispatcher that the suspect was a black male adult, short hair, approximately 5'9" to 5'10" tall, wearing a gray or white shirt, khaki pants, and a pair of blue swimming goggles on his head.  Meanwhile, plaintiff fled the scene.  Warden Depo. 61:5-8, 62:16-18; Declaration of Will Williams ("Williams Decl.") ¶4; Declaration of Bryan Cowan ("Cowan Decl.") ¶4; Declaration of Nick Weaver ("Weaver Decl.")  ¶4.

At or around 7:58 a.m., Redding Police Officer Eric Little distributed a still photo of Warden, taken from the surveillance footage at Shasta High School, to Redding Police Department officers who were searching for the suspect and advised that the suspect they were looking for was a "148."  ECF No. 148 at 2-3.  A local resident, Nueme Wells, called 9-1-1 and reported to SHASCOM dispatchers that her surveillance cameras showed an adult black male intruder wearing a "gray-ish" shirt and long pants had come through the gate at her 4-plex residence located at 250 Overhill Drive around 6:00 a.m., had left a backpack on her porch, and burglarized a tenant.  Id. at 3.  Corporal Williams heard the SHASCOM transmission about the Overhill Drive intruder and radioed Chief of Police Roger Moore that the backpack left behind could have been left by the same suspect responsible for the attack on John Decker at Shasta High School that morning, and Officer Moore asked to be dispatched to the call to investigate the same.  Id. at 3-4.

At 9:01 a.m., James Milestone called 9-1-1 and reported to SHASCOM that a black male wearing a blue shirt had been acting strangely on the Sacramento River Trail: he appeared to be on drugs, was threatening people, talking to himself, and asking people if they wanted to fight.  Id. at 4.  After completing his investigation at 250 Overhill Drive, Officer Moore advised over the police radio that the suspect wanted for the Overhill Drive residential burglary was the same

suspect they were searching for in response to the attack on John Decker at Shasta High School and, based on the description provided by James Milestone, was likely also the same person who was causing problems along the Sacramento River Trail. Id. At approximately 9:47 a.m., Redding Police Officer Eric Little reported over the radio that he had spotted plaintiff near the Sacramento River Trail access point at the west end of Overhill Drive. Id. at 5. After hearing Officer Little's radio call, Corporal Williams began responding to Mary Street to make contact with plaintiff. Id.

Corporal Williams reported to the area and encountered plaintiff; plaintiff began moving toward Williams.[1] ECF No. 43-4 at 6. Officer Williams shot[2] at plaintiff, who "dropped instantly, falling hard to the ground like a sack of potatoes." Id. Williams made two radio calls stating that shots had been fired, there was one down, and immediate medical assistance was needed. Id. After the calls were made, Officers Cowan and Weaver arrived at the scene. ECF No. 148 at 11. Williams communicated to Cowan and Weaver that he believed plaintiff a gun. ECF No. 148 at 11. Cowan and Weaver shot additional rounds at plaintiff.[3] After the additional shots were fired, Weaver radioed that additional shots had been fired and requested medical response Code 3. ECF No. 148 at 16. Plaintiff sustained multiple injuries including but not limited to bullet fragments in the bilateral lower extremities, the distal third of the right forearm anteriorly, the right upper posterior thigh, the right inguinal area, the left quadricep, the right gluteal area, the right anterior oblique, the distal humerus, the distal left forearm, and the right hip. ECF No. 148 at 17.

On August 21, 2018, plaintiff entered a plea agreement in response to charges filed

---

[1] The parties dispute, and there is conflicting evidence, regarding plaintiff's level of cooperation with Williams and whether Williams had any reasonable basis to believe that plaintiff had a weapon. ECF No. 148 at 7-8.

[2] The parties dispute, and there is conflicting evidence, regarding the number of shots fired, with Williams asserting he fired only one shot, and plaintiff noting that two bullets were missing from Williams' firearm after the incident. ECF No. 148 at 9-10. Plaintiff has amended his complaint to include allegations of the second shot. ECF No. 175.

[3] The parties dispute, and there is conflicting evidence, regarding verbal communications between plaintiff and the officers, and plaintiff's physical movements immediately leading to Cowan and Weaver firing additional shots, as well as the number of total shots fired. ECF No. 148 at 13-14.

3

against him. ECF No. 43-8 at 130. In relevant part, plaintiff plead "no contest" to a violation of Penal Code § 69, obstructing or resisting an executive officer, as to Williams. ECF No. 43-8 at 134-35 (Sentencing Hearing Transcript). The "Summary of Events" attached to the criminal complaint upon which the plea was entered stated that plaintiff was "uncooperative" with Williams, that he made movements "with his hand as if he was preparing to draw an unknown type of weapon from his waistband area," that Williams gave him "multiple commands to show his hands and to get out his hands out of his pocket," but that he "continued to make movements to the area of his waistband," and that Williams "fired one round, causing [plaintiff] to fall to the ground." ECF No. 43-7 at 127-28 (Criminal Complaint Summary of Events). Penal Code §69 charges as to Cowan and Weaver were dismissed in exchange for the plea of "no contest" as to Williams. ECF Nos. 158 at 3; 142 at 9.

## II.   Procedural Background

Plaintiff, a state prisoner, filed this action pro se and in forma pauperis on February 19, 2019. ECF Nos. 1, 3. On September 19, 2020, defendants moved for summary judgment, contending in part that plaintiff's claims against Corporal Will Williams were barred by Heck v. Humphrey, 512 U.S. 477 (1994). ECF No. 43-1 at 12-13. Under Heck, a prisoner may not proceed on a claim for damages under § 1983 if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. Defendants also contended that Officers Weaver and Cowan were entitled to summary judgment on the merits, and/or on qualified immunity grounds. ECF No. 43-1 at 14-23. The undersigned issued findings and recommendations suggesting the motion be granted as to Williams only, concluding that the claims against him were Heck barred. ECF No. 52.

In determining that the claims against Williams were barred by Heck, the undersigned reasoned,

> In the case at bar, plaintiff pled no contest to a charge of violating Cal. Penal Code § 69 (resisting or obstructing an officer), and was convicted. A conviction under Cal. Penal Code § 69, which makes it a crime to resist, obstruct, or delay a peace officer in the performance of his or her duties, "can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful," because the conviction itself "requires only that some

> lawful police conduct was resisted, delayed, or obstructed during that continuous chain of events." Hooper, 629 F.3d at 1131 (citing Yount v. City of Sacramento, 43 Cal. 4th 885 (2008)). The conduct on which a no contest plea to such a charge is based may coexist with conduct supporting a Section 1983 claim insofar as "two isolated factual contexts exist." Id. at 1132. When a case involves a plea of no contest, as it does here, the question of whether the Heck bar applies turns on exactly what facts the plea was based on; the facts that establish the foundational basis for the plea cannot be undermined by the §1983 claim. See Winder v. McMahon, 345 F. Supp. 3d 1197, 1203 (C.D. Cal. 2018).

ECF No. 52 at 11-12. The undersigned concluded that "[b]ased on a comparative review of plaintiff's plea and his §1983 claims," the claims against Williams were Heck-barred. Id. at 12. At the time, there was no allegation of multiple shots fired by Williams and it was presumed that only a single shot had been fired. Both plaintiff and defendants objected (ECF Nos. 53, 54) but the recommendations were adopted in full by Senior District Judge Morrison C. England, Jr. ECF No. 56.

On November 18, 2020, the undersigned appointed counsel for plaintiff. ECF No. 55. Counsel for defendants filed an interlocutory appeal of the order denying qualified immunity to Weaver and Cowan. ECF No. 63. The Ninth Circuit affirmed the district court's decision. ECF Nos. 77, 87. On July 22, 2022, plaintiff's counsel filed a motion to amend the complaint and re-open discovery. ECF No. 83. The motion was granted in part and denied in part by District Judge Troy L. Nunley, who allowed amendment *except* as to the request to revive the excessive force claim against Williams, which had been dismissed as Heck-barred. ECF No. 88 at 8. Plaintiff was informed in that order that he must file a motion for reconsideration to revive the claim against Williams, and that the issue could not be considered on a motion to amend. Id. The Second Amended Complaint ("SAC") was filed on March 16, 2023, and it did not include an excessive force claim against Williams. ECF No. 89.

On November 6, 2024, plaintiff filed a motion for reconsideration of the order finding the excessive force claim against Williams Heck-barred, citing new evidence that Williams had fired more than the single round that was at issue in the underlying charging document. ECF No. 131. That same day, defendants filed a motion for summary judgment as to the Second Amended Complaint. ECF No. 133. The undersigned recommended that defendants' motion for summary

1  judgment be denied, and that plaintiff's motion for reconsideration be granted. ECF No. 170.
2  Plaintiff was given leave to file a Third Amended Complaint that added only an excessive force
3  claim against Williams based on a second shot fired. Claims arising from the first shot, which
4  was mentioned in the pleading documents, remained <u>Heck</u>-barred. <u>Id.</u> The operative Third
5  Amended Complaint was filed on October 1, 2025, and includes an excessive force claim as to
6  the alleged second shot fired. ECF No. 175 at 12, 13.

7       On November 4, 2025, plaintiff filed another motion for reconsideration, asking the court
8  to overturn its prior ruling applying the <u>Heck</u> bar to plaintiff's claims arising from the first shot
9  fired by Corporal Williams, in light of a decision issued by the Ninth Circuit on October 20,
10 2025. ECF No. 181. Plaintiff relies on this case, <u>King v. Villegas</u>, 156 4th 979 (9th Cir. 2025),
11 for the proposition that a *nolo contendere* plea, and the information agreed to in the charging
12 documents as part of the plea, is not admissible under Fed. R. Evid. 410(a) as proof that the
13 pleader actually committed a crime and therefore cannot be used to find that civil claims related
14 to the plea are <u>Heck</u>-barred. In light of <u>King</u>, plaintiff seeks to file a Fourth Amended Complaint
15 re-incorporating claims against Corporal Willaims as to the first shot fired. Defendants oppose
16 the motion. ECF No. 185.

17              **III.    Legal Standards**

18      A. <u>Motions for Reconsideration</u>

19       Plaintiff filed his motion for reconsideration under Fed. R. Civ. P. 54(b). ECF No. 181 at
20 4. The rule provides in relevant part that "any order . . . that adjudicates fewer than all the claims
21 or the rights and liabilities of fewer than all the parties . . . may be revised at any time" before the
22 entry of final judgment in the case. Where reconsideration of a non-final order is sought, the
23 court has "inherent jurisdiction to modify, alter or revoke it." <u>United States v. Martin</u>, 226 F.3d
24 1042, 1048-1049 (9th Cir. 2000).

25       Defendants construed the fling as a motion for reconsideration under Fed. R. Civ. P.
26 60(b). ECF No. 185 at 2, n.1. That rule allows the court to reconsider and vacate a prior order.
27 Fed. R. Civ. P. 60(b); <u>Barber v. State of Hawai'i</u>, 42 F.3d 1185, 1198 (9th Cir. 1994). Under
28 Rule 60 "[a] party seeking reconsideration must show more than a disagreement with the Court's

6

decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Rather, to succeed on a motion for reconsideration, a party must set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and explain "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)-(4).

New controlling law is one of the circumstances which supports reconsideration of a prior order, regardless of the specific Rule of Civil Procedure relied upon. See, e.g., Cachil Dehe Band of Wintun Indians v. California, 649 F.Supp.2d 1063, 1069 (E.D. Cal. 2009) (citing School Dist. No. 1J Multnomah County v. AC & S Inc., 5 F.3d 1255, 1263 (9th Cir.1993)); 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

B. Application of the *Heck*-bar

The Heck doctrine prevents a prisoner from proceeding on a claim for damages under § 1983 if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. In such a case, the plaintiff is foreclosed from proceeding absent proof that the conviction or sentence has been reversed, expunged or invalidated. Id. at 486–487. This is known as the "favorable termination rule." Id. However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed ...." Id. at 487. As an illustration of the rule's application, the Heck Court explained that an individual convicted of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest, would be barred from bringing a claim for damages for unlawful arrest. Id. at 487 n.6. That result is compelled by the fact that plaintiff, in order to prevail on his § 1983 claim, would have to negate an element of his conviction offense: the lawfulness of the arrest. Id.

When a plaintiff brings an excessive use of force claim and has been convicted of resisting arrest, application of the Heck bar turns on the relationship between the arrest that has been determined lawful in the criminal case and the use of force alleged to have violated plaintiff's

7

rights. For example, an "allegation of excessive force by a police officer would not be barred by Heck if it were distinct temporally or spatially from the factual basis for the person's conviction." Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012); see also Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("[e]xcessive force used after an arrest is made does not destroy the lawfulness of the arrest"). Similarly, Heck does not bar an excessive force claim based on allegations that the force used was unreasonable in relation to the degree of resistance to arrest. Hooper v. County of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011). Such a claim, if proven, would not imply the invalidity of a conviction for resisting arrest. Id. In sum, Heck does not bar claims against police for excessive force arising from conduct independent of the facts giving rise to a plaintiff's prior conviction. Smith v. City of Hemet, 394 F.3d 689, 698 (9th Cir. 2005)–99 (9th Cir.) (en banc), cert. denied, 545 U.S. 1128 (2005).

On the other hand, a § 1983 action must be dismissed if the criminal conviction stands and arises "out of the same facts ... and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought ...." Beets, 669 F.3d at 1042 (internal citations and quotation marks omitted) (barring plaintiff's § 1983 claim for excessive force when decedent killed by officer, but accomplice convicted of aiding and abetting assault on peace officer). Where the alleged wrongful conduct that serves as the basis of the § 1983 claim is very "closely interrelated" with the act for which plaintiff was convicted, the claim is accordingly Heck-barred. Cunningham v. Gates, 312 F.3d 1148, 1154 (9th Cir. 2002), as amended on denial of reh'g (Jan. 14, 2003) (applying Heck bar where there was no break between the plaintiff's provocative act of firing on the police and the police response that he claimed was excessive).

The application of Heck is a highly fact-dependent inquiry that turns on the precise factual basis for the conviction. The question presented in this motion for reconsideration is whether the court can look to the existence of a *nolo contendere* plea, and/or the facts stipulated to as a part of that plea, to determine whether the Heck-bar applies.

### IV. King v. Villegas

A. Overview

The recent Ninth Circuit opinion giving rise to the present motion for reconsideration is

8

King v. Villegas, 156 F.4th 979, 980 (9th Cir. 2025).  King decided an appeal from the Eastern District of California case King v. Villegas, No. 1:17-cv-00676.  Plaintiff Jerry Lee King was a prisoner who was involved in a physical altercation with two correctional officers and subsequently filed a civil lawsuit under § 1983 alleging that the officers used excessive force against him in violation of his Eighth Amendment rights by physically attacking him without provocation, struggle, or resistance.  King, 156 F. 4th at 982-83.  A year later, the state brought criminal charges against King arising out of the same incident, and after a two-year delay, King plead nolo contendere to one count of obstructing or resisting an executive officer under California Penal Code § 63.  Id.  After entry of the nolo plea in King's criminal case, the defendants in King's § 1983 case moved to for judgment on the pleadings.  Id.  They argued that Heck v. Humphrey barred King's § 1983 claim because King's assertion that officers "attacked him without any provocation, struggle, or resistance" was irreconcilable with his conviction for resisting an executive officer under California Penal Code § 69, relying on the nolo plea and the facts stipulated to as part of the factual basis for the plea.  Id.

B. Proceedings in District Court

Magistrate Judge Erica Grosjean recommended denying defendants' motion for judgment on the pleadings.  King v. Villegas, No. 1:17-CV-00676 at ECF No. 115, 2022 WL 17039156 (E.D. Cal. Nov. 17, 2022).  Judge Grosjean reasoned that, on the facts of the case, "Plaintiff's excessive force claims in this § 1983 case against Defendants are not necessarily inconsistent with a conviction for violating California Penal Code § 69," noting that as "a general rule, success on an excessive force claim does not, in and of itself, necessarily imply the invalidity of a conviction for violating California Penal Code § 69."  Id. at 10.  In recommending that the district court deny entry of judgment, Judge Grosjean reasoned that King did not admit to the facts that were referenced as part of the factual basis found by the criminal court.  Id.  Judge Grosjean viewed the issue as a question of the permissible "use of the facts in documents that were referred to at the *nolo contendere* plea hearing, especially those beyond the scope of a California Penal Code § 69(a) conviction . . . [in light of the fact that a] *nolo contendere* plea is not an admission of guilt or acceptance of certain facts" but simply an agreement that a criminal defendant will not

contest a conviction. Id. at 11.

Analyzing the question as framed, and relying on Federal Rule of Evidence 410(a), which provides that evidence of a *nolo contendere* plea "is not admissible against the defendant who made the plea," Judge Grosjean found that considering "the nature of *nolo contendere* pleas, the Advisory Comments, and the text of Federal Rule of Civil Procedure 410, the Court finds that dismissal of this case based on inconsistency with the *factual information* that was referred to as part of a no contest plea is not warranted." Id. at 16 (emphasis added), Fed. R. Evid. 410(a). Accordingly, she concluded that Heck did not bar the §1983 claim because plaintiff did not admit to facts that were inconsistent with his claim; rather those facts were included only to inform the criminal court that there is a factual basis for plea, and the rules cited above prevent such facts from being used against the plaintiff in this case. Id.

District Judge Ishii adopted the magistrate judge's recommendation in full and denied defendants' motion for judgment on the pleadings. King v. Villegas, No. 1:17-CV-00676 at ECF No. 118, 2023 WL 3095288 (E.D. Cal. Apr. 26, 2023). Shortly thereafter, Judge Ishii retired, and the case was re-assigned to District Judge Jennifer Thurston. Id. at ECF No. 120.

Defendants moved for reconsideration before Judge Thurston. Id. at ECF No. 123. Judge Thurston granted reconsideration and ordered that judgment be entered in favor of defendants in light of intervening caselaw, an unpublished memorandum opinion from the Ninth Circuit: Briseno v. City of W. Covina, 2023 WL 2400833, at *1 (9th Cir. Mar. 8, 2023). King v. Villegas, No. 1:17-CV-00676 at ECF No. 127 at 10. Judge Thurston noted that Briseno was issued after Judge Grojean's Findings and Recommendations were filed. Id.

The facts of Briseno are set forth in the underlying district court order from the Central District of California. Briseno v. City of W. Covina, No. 20-cv-2986 MRW, 2021 WL 6690564, at *1 (C.D. Cal. Dec. 23, 2021), aff'd, No. 22-55100, 2023 WL 2400833 (9th Cir. Mar. 8, 2023). In summary, the criminal defendant/civil plaintiff in Briseno pled *nolo contendere* to a burglary charge and a charge of resisting arrest, and during his plea colloquy, agreed to stipulate to a factual basis for the plea contained in a police report. Id. at *1. The District Court found that the stipulation to the factual basis to the *nolo* plea necessitated a finding that his subsequent civil

claim was barred by Heck: "Plaintiff's acknowledgement of his guilt necessarily meant that the police use of force through to the end of his resistance was lawful. Heck bars this later civil rights action in which he alleges that the same police conduct was unlawful." Id. at *4 (citing Sanders v. City of Pittsburg, 14 F.4th 968, 971 (9th Cir. 2021)). The Ninth Circuit affirmed.

In a detailed order, Judge Thurston concluded that in Briseno, the Ninth Circuit did not specifically address "the key issue—whether facts stipulated to during the process of a no contest plea should be considered in a subsequent Heck analysis[,]" but "implicitly approved of the district court's treatment of the factual record and, relatedly, the source of that factual record, as no alternative rationale for applying Heck was provided by the district court." King, 1:17-cv-00676-JLT-EPG at ECF No. 127 at 10. While acknowledging that the Ninth Circuit memorandum decision in Briseno was neither binding nor precedential, Judge Thurston concluded that she was not free to ignore it, explaining that "Briseno appears to be the first time the Ninth Circuit has ruled on an appeal from a case that directly addressed the central issue in contention here: whether factual material considered as part of the factual basis for a no contest plea can be considered by a court applying Heck to a subsequent civil lawsuit." Id. at 11-12. While conceding that the otherwise existing caselaw pulled in all directions, Judge Thurston concluded that the Ninth Circuit's adoption of the Central District's decision in Briseno indicated approval of that district court's determination that the facts stipulated to as part of a *nolo contendere* plea are properly considered in the Heck-bar analysis. Id. at 13. Accordingly, taking the facts stipulated to in King's *nolo* plea into consideration, Judge Thurston found that King's § 1983 claim was indeed barred by Heck. Id. at 17. King appealed.

C. The Ninth Circuit's Decision

The Ninth Circuit was presented with two questions on appeal: "[F]irst, in a § 1983 case where the Heck bar is at issue, whether a plaintiff's *nolo* plea is inadmissible under Federal Rule of Evidence 410(a) in order to show that the plaintiff committed the underlying crimes charged; second, if the plea is admissible for that purpose, whether King's suit is nevertheless barred by Heck." King, 156 F.4th at 984. In a published decision, the Court of Appeals held "that Rule 410(a) bars admission of a *nolo contendere* plea to show that a § 1983 plaintiff committed the

11

1  crimes to which he pleaded *nolo contendere*." Id. In reversing the district court's application of

2  the Heck-bar, the Ninth Circuit found that it was error to have treated "King's *nolo* plea and

3  statements as an admission as to the truth of the contents of Defendants' reports" and accordingly

4  find the §1983 claim barred by Heck. Id. There being no permissible evidentiary basis for the

5  Heck-bar imposed below, the Court of Appeal did not reach the second issue.

6  In reaching this conclusion, the appellate court acknowledged that it had "never [before]

7  squarely answered the question whether the evidentiary bar of Rule 410(a) applies when a

8  defendant in a § 1983 suit seeks to introduce evidence of the plaintiff's *nolo contendere* plea in

9  support of a Heck bar." Id. at 984. It acknowledged prior cases applying Heck where the

10  criminal conviction had been obtained through a *nolo contendere* plea, without consideration of

11  Rule 410(a). Id. But the court clearly identified the nature of the district court's error:

> Defendants presented evidence in King's civil case of his nolo plea, seeking to preclude his § 1983 claim under Heck. In holding King's claim to be Heck-barred, the district court compared the facts contained in King's complaint to those contained in one of Defendants' incident reports, reasoning that at his plea hearing King stipulated to a factual basis for his nolo plea based on the reports contained in discovery…. That is, the district court considered both evidence of "a nolo contendere plea" and "statement[s] made during a proceeding on" that plea "[i]n a civil case" against "the defendant who made the plea." Such evidence falls squarely within the evidentiary bar of Rule 401(a). We hold that the district court erred in considering such evidence.

19  Id. at 985.

20  **V.   Analysis**

21  First, the court rejects any suggestion that the Rule 410(a) argument has been forfeited or

22  that the motion is not timely brought. The Ninth Circuit decided King v. Villegas, which

23  presented an issue of first impression for which there was no prior Circuit authority, on October

24  20, 2025. Plaintiff diligently filed the motion for reconsideration on November 4, 2025, just over

25  2 weeks later. Though defendants briefly argue that King does not provide grounds for

26  reconsideration because the evidentiary rule that King interprets did not actually change, the court

27  is unpersuaded. ECF No. 185 at 4. In King, the Ninth Circuit clarified for the first time the

28  interplay between Fed R. Evid. 410, *nolo contendere* pleas, and Heck-bars. An intervening

1  change in the law is a proper reason for the court to reconsider a prior decision, and accordingly,
2  the court proceeds to the merits of the motion.

3  The substantive question is whether King changes the law that was applied by the
4  undersigned (ECF No. 25) and adopted by the District Judge on November 23, 2020 (ECF No.
5  56), when the court concluded that plaintiff's excessive force claim against Corporal Williams
6  was barred by the Heck-doctrine. Following oral argument and a through review of the caselaw,
7  the undersigned concludes that it does, and that reconsideration of the prior orders is both
8  appropriate and necessary under this new and binding authority.

9  In the findings and recommendations at issue (ECF No. 52), the undersigned did exactly
10 what the King court has now clearly identified as error. To conclude that the claims against
11 Corporal Williams were barred by Heck, the undersigned relied on evidence presented by
12 defendants on summary judgment to find that Ward had stipulated to certain facts in the course of
13 his *nolo* plea that were inconsistent with his § 1983 claim. See ECF No. 52 at 12.[4] While neither
14 the undersigned nor the district judge made any express rulings regarding the evidentiary
15 admissibility of records related to the nolo plea, or considered Rule 401(a), the court's reliance on
16 that evidence to support the Heck-bar clearly demonstrates that it was admitted. Under King, that
17 was error.

18 Under the law as newly articulated by King, this court cannot consider the *nolo* plea or the
19 facts stipulated therein to determine whether a §1983 claim is Heck-barred. Without considering
20 that information, there is no plausible basis for a conclusion that plaintiff's original §1983
21 excessive force claim against Williams is Heck-barred. Accordingly, reconsideration is
22 appropriate, and a different result is required. Plaintiff should be allowed to file a Fourth
23 Amended Complaint reviving his § 1983 excessive force claim as to the first shot fired by
24 Corporal Will Williams.

---

[4] Defendants argue that King holds only that Rule 410 does not categorically forbid the admission of evidence related to a nolo plea – for example, evidence of a nolo plea can be used to impeach a statement by a plaintiff that they have never been convicted of a crime. ECF No. 185 at 4. This argument is irrelevant. King addresses the specific use of nolo-related evidence at issue in the order being reconsidered: its application to a Heck-bar determination.

## VI. Conclusion

Accordingly, for the reasons explained above, IT IS RECOMMENDED that the motion for reconsideration (ECF No. 181) be GRANTED, that ECF Nos. 52 and 56 be VACATED, and that plaintiff be given leave to file a Fourth Amended Complaint adding an excessive force claim against Officer Williams as to an alleged first shot fired, within 14 days of a final order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: December 11, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE